**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffrey TATE, Defendant–Appellant.**

**No. 00–6700.**

United States Court of Appeals, Fourth Circuit.

Submitted May 24, 2001.

Decided June 11, 2001.

Jeffrey Tate, pro se. Robert Edward Skiver, Assistant United States Attorney, Raleigh, NC, for appellee.

Before MURNAGHAN,* WILKINS, and KING, Circuit Judges.

PER CURIAM.

Jeffrey Tate seeks to appeal the district court's order denying his motion filed un-

---

* Judge Murnaghan was assigned to the panel in this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) (1994).

der 28 U.S.C.A. § 2255 (West Supp.2000). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal substantially on the reasoning of the district court. *See United States v. Tate,* Nos. CR-97-38-H; CA-99-437-5-H (E.D.N.C. Apr. 14, 2000).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*DISMISSED.*

Alexander S. Roundtree seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp.2000). We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. *Roundtree v. Catoe,* No. CA–00–848-0-24BD (D.S.C. filed Jan. 30, 2001; entered Feb. 1, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

* We previously granted Tate's petition for rehearing and placed his appeal in abeyance for *United States v. Jones,* No. 00-7249, —— Fed. Appx. ——. We recently held, however, in *United States v. Sanders,* 247 F.3d 139 (4th Cir.2001), that the new rule announced in *Apprendi v.. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is not retroactively applicable to cases on collateral review. Accordingly, the *Apprendi* claim Tate asserted for the first time in his letter pursuant to Fed.R.App .P. 28(j) is not cognizable. We therefore remove this appeal from abeyance because we conclude *Sanders* is dispositive of Tate's *Apprendi* claim.